**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KELVE DE SOUZA AQUINO,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05137-JLT-EGC

A-Number: 213-219-483

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Kelve De Souza Aquino is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 7.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 19-year-old from Brazil who entered the United States without inspection in August 2019, near El Paso, Texas. (Doc. 1 at 5; Doc. 9-1 at 5.) He was apprehended by U.S. Border Patrol as part of a family unit and was issued a Notice to Appear[1] and released from

[1] According to the Form I-213 submitted by Respondents, Petitioner's Notice to Appear was cancelled on March 19, 2021. (Doc. 9-1 at 5.)

custody. (Doc. 9-1 at 2.) Petitioner claims that he is afraid to return to Brazil, in part because he came to the U.S. as a minor and no longer has family in Brazil. (Doc. 1 at 5.)

There is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, on March 29, 2026, Petitioner was arrested by local police in Florida during a traffic stop and transferred to DHS custody. (*Id*. at 5.) Petitioner was then issued a new Notice to Appear and placed in removal proceedings. (*Id*.) Petitioner is currently detained at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2.)

On July 6, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (*See* Doc. 1.) On July 28, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 9.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5,

2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

3. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.